### LEWIS v. BAILEY et al.

(Supreme Court, Special Term, Erie County.   February, 1910.)

MORTGAGES (§ 496*)—FORECLOSURE—OPENING DEFAULT—SUFFICIENCY OF EVIDENCE.

On a motion to open a default in mortgage foreclosure proceedings, evidence *held* sufficient to show, for the purpose of opening the default on imposition of conditions, that the mortgage was not given to secure any services which had been rendered, though the mortgagors made untruthful statements respecting the same.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 496.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Loran L. Lewis, Jr., as trustee, etc., against Daniel W. Bailey and another. Defendants move to open a default judgment. Motion granted, on condition.

Parton Swift, for the motion.
Lewis & Carroll, opposed.

BROWN, J. On September 10, 1906, defendant Carrie H. Bailey executed and delivered to Attorney Fennelly her promissory note for $1,500, and concurrent therewith delivered a real estate mortgage, executed by her husband, Daniel W. Bailey, and herself, for $2,000, to secure the payment of the note. On September 12, 1906, defendant Carrie H. Bailey paid to Attorney Fennelly $150. Prior to September 10, 1906, Attorney Fennelly had performed no services for either of defendants. In November, 1909, both defendants testified before referee to take proofs on the foreclosure of the mortgage that it was executed to secure the payment of $1,500, and that nothing had been paid thereon. Both defendants attended the sale, and made no objection thereto, and premises were sold to plaintiff for $1,990, the amount of note, interest, and costs; plaintiff paying $200 of such purchase price. After the sale, both defendants stated to plaintiff that the mortgage and note were given to Fennelly for services rendered by Fennelly, and made like statements to plaintiff's law partner and others. After the sale defendant Carrie H. Bailey vainly attempted to borrow about $2,000 to pay the debt and take a conveyance from the plaintiff of the premises.

Defendants now claim that the note and mortgage were not given in payment of services of Attorney Fennelly, but were given to secure any bail that defendant Carrie H. Bailey might be obliged to give to answer a criminal charge of abortion. From the evidence presented by the affidavits, I am unable to reconcile the claim that the mortgage was given in payment of services, the compensation for which services was agreed to be $1,500, with the fact that two days after the giving of the mortgage defendant Carrie H. Bailey paid Fennelly $150 for services. The fact that both defendants stated to plaintiff and others that such mortgage was given for services rendered by Attorney Fennelly, the fact that defendants paid Attorney Fennelly $150 two days after giving the mortgage and testified before the referee that no payment had been made on the mortgage, and the further fact that defendants sought to borrow over $2,000 to pay plaintiff's claim, indicate on the part of defendants most reckless, untruthful, untrustworthy testimony, and a lack of any regard for the truth, or it indicates mental irresponsibility. It may be that the $150 payment was for other services than those contemplated at the time of the giving of the mortgage, but nothing appears to indicate such fact. It may be that the $150 was to be applied on the mortgage debt, but both defendants testified that such was not the fact. It may be that they had forgotten about such payment when testifying. If it were not for the fact of such payment, there could be no hesitation in denying defendants' motion. No credence whatever can be placed upon the testimony of defendants that they did not state to plaintiff that the

mortgage was given for services rendered by Attorney Fennelly, and it is quite impossible to see how defendants can succeed upon a trial involving the truth of the question as to whether such statement was made. In view of the fact of the $150 payment, and the absence of any satisfactory explanation of what the payment means, in furtherance of justice, the defendants ought to have a trial.

Defendants' motion will be granted, upon condition that the defendants pay, on or before March 21, 1910, the taxable costs of the judgment of foreclosure and the deficiency judgment, the costs and expenses of the referee to sell, $10 costs of this motion, and file an undertaking, with two sureties, to be approved by a justice of this court, conditioned that upon a sale of the mortgaged premises there will be realized sufficient moneys to pay plaintiff the full amount of any judgment that may be recovered, together with costs and expenses of such sale. In the event such costs are so paid and such undertaking filed, an order may be entered setting aside the sale, returning the cash payment in the hands of the referee to the plaintiff, vacating the judgment of foreclosure and deficiency judgment, permitting defendants' answer accompanying the motion papers to stand as served February 4, 1910, and at the election of the plaintiff the case to go on the calendar of the present Equity Term and be tried thereat. In the event such moneys are not paid or such undertaking not filed, an order may be entered denying defendants' motion.

The defendants having delayed the assertion of the claim that the mortgage and note were not what they purport to be until troubles relative to business matters of Attorney Fennelly became public, the trial must be upon condition that plaintiff be permitted to read as the testimony of Attorney Fennelly the affidavit made by him on this motion, and the burden of procuring the attendance of Attorney Fennelly as a witness upon such trial must be placed on the defendants, if they desire to cross-examine him.